

Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

November 28, 2017

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

RECEIVED

DEC 04 2017

BCCPORTAPPEALS

UNUM
PO BOX 9548
PORTLAND, ME 04104-5056

FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 17-CI-06110

COURT:  Circuit Court Clerk
        Jefferson County, Division: 6
        700 West Jefferson St.
        Louisville, KY 40202
        Phone: (502) 595-3055

Legal action has been filed against you in the captioned case.  As provided under
Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

  (1) **Your attorney, or**
  (2) **The attorney filing this suit whose name should appear on**
      **the last page of the complaint, or**
  (3) **The court or administrative agency in which the suit is filed**
      **at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this
case.  Your responsive pleadings should be filed with the clerk of the court or agency
where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve
the pleading under a particular statute or rule and pay for said service.

Kentucky Secretary of State's Office          Summons Division                    11/28/2017

| AOC-105<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | Doc. Code: CI | CIVIL SUMMONS | Case No. 17 CI 06110 |
|---|---|---|---|
| | | | Court   ☑ Circuit ☐ District |
| | | | County   Jefferson |

**PLAINTIFF**

JANICE LAWSON

JEFFERSON CIRCUIT COURT
DIVISION SIX (6)

VS.

UNUM
PO BOX 9548
Portland, ME 04104-5056

**DEFENDANT**

RECEIVED

NOV 21 2017

BY:

**Service of Process Agent for Defendant:**
SECRETARY OF STATE

_____

_____

_____

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: ____NOV 16 2017___, 2_____        DAVID L. NICHOLSON, CLERK

                                                                      _____ Clerk

                                          By: _____ D.C.

---

**Proof of Service**
This Summons was served by delivering a true copy and the Complaint (or other Initiating document) to:

_____

this _____ day of _____, 2_____.

                    Served by: _____

                                  _____ Title

NO.

**17 CI 06110**

JEFFERSON CIRCUIT COURT
DIVISION _____

JANICE LAWSON                                          )          PLAINTIFF
                                                       )
                                                       )          JEFFERSON CIRCUIT COURT
                                                       )          DIVISION SIX (6)
v.                                                     )
                                                       )
                                                       )
                              **COMPLAINT**            )
                                                       )
                                                       )
UNUM                                                   )          DEFENDANT
PO BOX 9548                                            )
PORTLAND, ME 04104-5058                                )
                                                       )
                                                       )
SERVE:                                                 )
SECRETARY OF STATE                                     )
700 CAPITOL AVE                                        )
SUITE 152                                              )
STATE CAPITOL                                          )
FRANKFORT KY 40601                                     )
                                                       )
                                                       )

\*\*\*          \*\*\*          \*\*\*

Comes the Plaintiff, JANICE LAWSON, by counsel, and for her cause of action against Defendant states as follows:

A COPY
ATTEST: DAVID L. NICHOLSON, CLERK
JEFFERSON CIRCUIT COURT
LOUISVILLE, KENTUCKY
BY_____D.C.

**PARTIES AND VENUE**

1.   Plaintiff is a resident of Louisville, Jefferson County, Kentucky.

2.   Defendant, Unum Life Insurance Company (hereinafter "carrier" or "Defendant" or "Unum") is a corporation doing business in the Commonwealth of Kentucky.

3.   This is an action brought by a participant to recover long term disability benefits ("LTD" respectively) due to her under the terms of an insurance plan governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance benefits.

3.   This Court has jurisdiction pursuant to §502(e) of the Employment Retirement Income Security

Act of 1974 (ERISA), 29 U.S.C. §1132(e).

## FACTS

4.    Plaintiff was a full-time employee of a qualified employer ("employer") for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract Claim # 10684069, Policy #600280.

5.    As a full time employee, Plaintiff was eligible for, and was participating in the long-term disability plan (hereinafter referred "LTD" or "plan") offered by employer.

6.    At all times relevant to this Complaint, the Plan was administered by Unum and at all relevant times Unum remained the so called "plan administrator".

7.    Plaintiff applied for, and was granted, LTD benefits by Unum.  Subsequently, and for reasons that are medically mysterious, Unum reversed its decision and choose to terminate LTD benefits.  It beyond cavil that Plaintiff's condition did not improve or was cured in that time span.

8.    Plaintiff exhausted all administrative remedies under the terms of the plan.

9.    Unum's in house medical review personnel performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform her own occupation.  This was well stated to defendant in the Administrative review. Thusly, Defendant Unum fails to offer a rational basis as to why it does not concur with opinions regarding restrictions and limitations consistent with Plaintiff's treating physicians

10.    Defendant specifically ignored the opinion of Plaintiff's treating physicians who opine the Plaintiff could not even perform sedentary work.

11.    Unum refused to consider all of the Plaintiff's medical ailments and combined effect on her body as a whole to terminate benefits.  Said action is in violation of Sixth Circuit jurisprudence.

12.    Unum's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error.  The Claimant is entitled to have the combination of all impairments considered under the Plan.  The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

13.    Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's inability to perform her own occupation.

14.    Defendant Unum's conclusions that Plaintiff is not totally disabled under this plan was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

15.    At all relevant times Unum was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits. Accordingly, the Plaintiff is entitled to discovery over and above that which is customarily permitted in cases litigated under the ERISA statute.

16.    In accordance with the terms of the plan, the Plaintiff intends to file for Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").

17.    Defendant cannot ignore the finding of SSA without adequate explanation in its decision even though the decision is outside the formation of the administrative record. *Whitaker v. Hartford Life and Accident Co.* 404 F.3d 947 (6th Cir. 2005).

18.    Due to Defendant's actions Plaintiff is entitled to discovery exceeding standard ERISA protocol.

COUNT 1

DENIAL IS IN VIOLATION OF ERISA STATUTE

19.    Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

20.    Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the ERISA statute.

21.    Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE the Plaintiff prays for the following:

1. For payment of disability benefits due to her, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;

2.    For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;

3.    For attorney's fees and expenses that Plaintiff has incurred for enforcing her contractual rights as well as her ERISA rights;

4.    For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused respecting Plaintiff's credit history;

5.    For her costs expended herein;

6.    For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.


Respectfully submitted,

_____
ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Counsel for Plaintiff
502-587-0228



Kentucky
UNBRIDLED SPIRIT

ALISON LUNDERGAN GRIMES
SECRETARY OF STATE
P.O. Box 718
Frankfort, Kentucky 40602-0718

☑ REGISTER TO VOTE

A090 Appeals
A090
9548

Recipient Id:   69389
Phone:
Date/Time:      12/4/2017 9:12:56 AM
Courier:        USPS
Tracking #:     70172680000221182428

For questions or comments please contact Andrea Pollard X52838

881145

UNUM
PO BOX 9548
PORTLAND, ME 04104-5056

7017 2680 0000 2218 2428

neopost''
11/28/2017
US POSTAGE $007.29⁰
ZIP 40601
041M12250796